Carolyn D. Richmond, Esq.
Ernest Edward Badway, Esq.
Jason B. Jendrewski, Esq.
Fox Rothschild LLP
101 Park Avenue, Suite 1700
New York, New York 10178
Telephone: (212) 878-7900
Facsimile: (212) 692-0940
*Attorneys for Defendant Petrossian Inc.*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KAYLA REED, an individual,  <br><br>     Plaintiff,  <br><br> – against –  <br><br> PETROSSIAN INC.,  <br><br>     Defendant. | **ECF Case**  <br><br> **1:17-cv-07278 (JBW) (VMS)**  <br><br> <u>**ANSWER**</u>  <br><br> **(Jury Trial Demand)** |

Defendant Petrossian Inc. ("Defendant"), by and through its undersigned counsel, hereby files this Answer ("Answer") to the Complaint ("Complaint") of plaintiff Kayla Reed ("Plaintiff") dated December 13, 2017, and states as follows:

**INTRODUCTION**

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Defendant denies the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Defendant denies the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Defendant denies the truth of the allegations contained in Paragraph 5 of the Complaint.

**JURISDICTION AND VENUE**

6. Defendant admits that Plaintiff has invoked the jurisdiction of the Court under the statutes referenced in Paragraph 6 of the Complaint, but denies the truth of all other allegations contained in Paragraph 6 of the Complaint, and respectfully refers the Court to the statutes cited therein for a full and accurate recitation of their contents.

7. Defendant admits that Plaintiff has invoked the jurisdiction of the Court under the statute referenced in Paragraph 7 of the Complaint, but denies the truth of all other allegations contained in Paragraph 7 of the Complaint, and respectfully refers the Court to the statute cited therein for a full and accurate recitation of its contents.

8. Defendant admits that Defendant is a resident of the State of New York, but denies the truth of all remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the truth of the allegations contained in Paragraph 9 of the Complaint, except admits that Defendant resides in the Eastern District of New York.

**PARTIES**

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the truth of the allegations contained in Paragraph 11 of the Complaint, except admits that Defendant's headquarters are located in Long Island City, New York.

12. Defendant denies the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the truth of the allegations contained in Paragraph 14 of the Complaint.

## THE AMERICANS WITH DISABILITIES ACT AND THE INTERNET

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the truth of the allegations contained in Paragraph 23 of the Complaint, and respectfully refers the Court to the statute and regulations cited therein for a full and accurate recitation of their contents.

24. Defendant denies the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the truth of the allegations contained in Paragraph 26 of the Complaint.

**DEFENDANT'S FAILURE TO MAKE ITS WEBSITE
ACCESSIBLE AND PLAINTIFF'S ATTEMPTS TO ACCESS**

27. Defendant admits the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the truth of the allegations contained in Paragraph 35 of the Complaint, except lacks knowledge or information sufficient to form a belief as to whether Plaintiff first visited the website in October of 2017 with the intention of shopping for dessert products.

36. Defendant denies the truth of the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the truth of the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the truth of the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the truth of the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the truth of the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the truth of the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the truth of the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the truth of the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the truth of the allegations contained in Paragraph 44 of the Complaint, including subparagraphs (a) through (c).

45. Defendant denies the truth of the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the truth of the allegations contained in Paragraph 46 of the Complaint, and respectfully refers the Court to the statute cited therein for a full and accurate recitation of its contents.

47. Defendant denies the truth of the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the truth of the allegations contained in Paragraph 48 of the Complaint, including subparagraphs (a) through (d).

49. Defendant denies the truth of the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the truth of the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the truth of the allegations contained in Paragraph 51 of the Complaint.

## COUNT I

### [VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT]

52. In response to Paragraph 52 of the Complaint, Defendant repeats and restates each and every response contained in Paragraphs 1 through 51 of the Answer as if fully set forth herein.

53. Defendant denies the truth of the allegations contained in Paragraph 53 of the Complaint, and respectfully refers the Court to the statute cited therein for a full and accurate recitation of its contents.

54. Defendant denies the truth of the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the truth of the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the truth of the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the truth of the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the truth of the allegations contained in Paragraph 58 of the Complaint, and respectfully refers the Court to the statute cited therein.

59. Defendant denies the truth of the allegations contained in Paragraph 59 of the Complaint, and respectfully refers the Court to the statute cited therein.

60. Defendant denies the truth of the allegations contained in Paragraph 60 of the Complaint, and respectfully refers the Court to the statute cited therein for a full and accurate recitation of its contents.

61. Defendant denies the truth of the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies the truth of the allegations contained in Paragraph 62 of the Complaint, except lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged physical disability.

63. Defendant denies the truth of the allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies the truth of the allegations contained in Paragraph 64 of the Complaint.

65. Defendant denies the truth of the allegations contained in Paragraph 65 of the Complaint.

The unnumbered paragraph after Paragraph 65 of the Complaint, including all discrete subparts, contains prayers for relief to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to any relief.

## COUNT II

### [VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.*]

66. In response to Paragraph 66 of the Complaint, Defendant repeats and restates each and every response contained in Paragraphs 1 through 65 of the Answer as if fully set forth herein.

67. Defendant denies the truth of the allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies the truth of the allegations contained in Paragraph 68 of the Complaint.

69. Defendant denies the truth of the allegations contained in Paragraph 69 of the Complaint.

70. Defendant denies the truth of the allegations contained in Paragraph 70 of the Complaint.

71. Defendant denies the truth of the allegations contained in Paragraph 71 of the Complaint.

72. Defendant denies the truth of the allegations contained in Paragraph 72 of the Complaint.

73. Defendant denies the truth of the allegations contained in Paragraph 73 of the Complaint.

The unnumbered paragraph after Paragraph 73 of the Complaint, including all discrete subparts, contains prayers for relief to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

### SECOND DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations and/or other statutory or other provisions of law.

### THIRD DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, because she is estopped as to such claims by her own actions, bad faith, laches and/or waiver.

### FOURTH DEFENSE

Plaintiff lacks standing to bring some or all of the claims asserted herein and/or to obtain the relief requested to the extent that Plaintiff is not a qualified individual with a disability entitled to relief within the meaning of the statutes upon which she bases her claims. Moreover, Plaintiff lacks standing because she has not suffered any actual injury that is concrete and particularized, and, for purposes of argument, in the event that Plaintiff suffered such an injury, it

is not likely that a favorable court decision would redress that injury because Plaintiff's claims are moot. Finally, Plaintiff lacks standing because she may not have been *bona fide* patron of Defendant, but visited the subject website, if at all, solely for purposes of instituting the instant litigation.

### FIFTH DEFENSE

The venue is improper because Plaintiff resides in the Central District of California, Defendant is operating in the Central District of California, the alleged wrongs or omissions and injuries occurred in the Central District of California, and Plaintiff has filed claims under California law.

### SIXTH DEFENSE

Plaintiff failed to provide notice of any alleged violations prior to commencing this action, and Defendant did not have any actual or constructive notice of any accessibility issues regarding the website at issue.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the website at issue is not a place of public accommodation as that term is defined by the statutes at issue.

### EIGHTH DEFENSE

Defendant did not discriminate against Plaintiff or deny her a full and equal opportunity to access and enjoy the benefits, goods, and services provided on the website at issue. While there are no barriers to accessing the website at issue, Defendant, nonetheless, additionally has provided equivalent facilitation and/or appropriate means for patrons with disabilities to access and enjoy the goods and services offered on the subject website.

### NINTH DEFENSE

There are no barriers to accessing the website at issue. However, for purposes of argument, if any such barriers do exist, their removal would impose an undue burden on Defendant due to the complexity and/or infeasibility of the required technical changes.

### TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the purported barriers are *de minimis* and/or within conventional industry tolerances. Moreover, some or all of the alleged issues raised by Plaintiff are not barriers to access and do not prevent the enjoyment of the goods and services available at the subject website and/or at any physical place related to the website.

### ELEVENTH DEFENSE

Any and all actions taken that allegedly adversely affected Plaintiff or that concern the design and construction of the website at issue were taken in good faith and for legitimate business reasons.

### TWELFTH DEFENSE

Many, if not all, of the conditions alleged to violate the Americans with Disabilities Act ("ADA") and/or the Unruh Civil Rights Act no longer exist, and, therefore, Plaintiff's claims for relief are moot. Plaintiff is not entitled to the recovery of attorneys' fees and/or costs for moot claims. *See Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598 (2001).

### THIRTEENTH DEFENSE

Plaintiff has not incurred any actual damages or suffered any actual injury. Nonetheless, to the extent that Plaintiff did incur any actual damages or suffer any actual injury, the alleged

52630081.v2

injury and damages were not caused by any act or omission of Defendant, and Plaintiff failed to mitigate the alleged damages.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction. The United States Department of Justice issued an Advance Notice of Proposed Rulemaking on Accessibility of Web Information and Services Provided by Entities Covered by the ADA on July 26, 2010. On July 20, 2017, the Department of Justice placed its rulemaking under Title III of the ADA for websites on the 2017 Inactive Actions list. On December 26, 2017, the Department of Justice withdrew is pending rulemaking under Title III of the ADA. Accordingly, to date, the Department of Justice has not promulgated any standards, regulations, and/or guidelines governing the accessibility of websites.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any liability for an inaccessible website would violate due process. Neither the ADA nor the Unruh Civil Rights Act specifically addresses websites, and neither the United States Department of Justice nor any other applicable federal, state, or local agency has issued any regulations or technical standards specifying if and to what extent websites must be accessible or any legal standard to be applied in determining if a website is accessible.

## SIXTEENTH DEFENSE

In the absence of federal, state, and/or local regulations and/or technical standards, Defendant may choose how it provides access to and/or communicate with individuals with disabilities. Defendant provides access to and communicates effectively with individuals with disabilities by various means.

52630081.v2

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff relies upon the Web Content Accessibility Guidelines because such guidelines are not statutory or regulatory authority, but, rather, voluntary guidelines for web accessibility created by a private organization, and Defendant's website is not required to be compliant with those guidelines.

### EIGHTEENTH DEFENSE

To the extent that Defendant is deemed to be not in compliance with any of the statutes at issue or any regulations, standards or guidelines, any such noncompliance was caused by third parties who are outside of the direct day-to-day control of Defendant. Defendant contracted with third party entities to design, construct, and maintain Defendant's website and/or certain features or functionalities thereof.

### NINETEENTH DEFENSE

Defendant reserves the right to assert additional defenses with regard to some or all of Plaintiff's claims.

### PRAYER FOR RELIEF

WHEREFORE, Defendant demands judgment against Plaintiff as follows:

1. Dismissing the Complaint with prejudice;

2. Awarding Defendant costs, interest, and expert and attorneys' fees; and

3. Awarding Defendant such other and further relief as this Court deems just and proper.

52630081.v2

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant hereby demands a trial by jury on all issues contained in the Complaint and its Answer.

                                            Respectfully submitted:

Dated: New York, New York          FOX ROTHSCHILD LLP
       January 16, 2018

                                          By: /s/ *Ernest Edward Badway*
                                               Carolyn D. Richmond, Esq.
                                               Ernest Edward Badway, Esq.
                                               Jason B. Jendrewski, Esq.
                                             101 Park Avenue, Suite 1700
                                             New York, New York 10178
                                             Telephone: (212) 878-7900
                                             Facsimile: (212) 692-0940
                                             *Attorneys for Defendant Petrossian Inc.*

52630081.v2